UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAY MILLS,<br><br>          Plaintiff,<br><br>     v.<br><br>M. BOWDEN, et al,<br><br>          Defendants. | 1:15-cv-00913-EPG-PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1.)<br><br>THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT |

Plaintiff David Ray Mills ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he did not receive prompt medical attention for his right foot injury, and generally that the prison is in need of better medical protocols.

Plaintiff filed the Complaint commencing this action on June 17, 2015. (ECF No. 1.) On September 28, 2016, the Court Plaintiff's Complaint and found that it failed to state a claim as to any defendant. (ECF No. 10.) Specifically, the Court found that Plaintiff's allegations that he did not receive prompt treatment for his ingrown toe and that his doctor was negligent did not state a Eighth Amendment constitutional claim for deliberate indifference for serious medical needs because Plaintiff did not allege the delay itself resulted in a serious medical injury. Furthermore, Plaintiff did not allege that any defendant was aware of his serious medical condition and intentionally ignored the risk to his health. Finally, Plaintiff did not

allege how any individual or individuals harmed him personally. Plaintiff was provided with the applicable legal standards and granted leave to file an amended complaint. (ECF No. 10.)

Plaintiff filed a First Amended Complaint ("1AC") on October 31, 2016 (ECF No. 12), which is now before the Court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff fails to state a cognizable claim against any defendant.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## II. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff alleges that on January 1, 2014, he reported to RN Daniels Plaintiff after suffered a right foot injury while on a prison work assignment. RN Darag wrote an incident report concerning the right foot injury. Plaintiff believed the injury was serious enough to warrant an X-Ray. On January 7, 2014, Plaintiff was seen by Dr. Le Young for an ingrown toenail on his left foot. Plaintiff asked when he would receive treatment for his right foot but received no answer. Plaintiff made several follow-up to requests Warden Bowden and Assistant Warden Nadal to see a doctor regarding his right foot, but was never seen. Plaintiff claims that he did not receive acceptable medical attention because the facility did not have the appropriate level of staff to handle inmate requests for medical attention. Plaintiff alleges that he suffered "great pain [and] sleepless nights."

Plaintiff names the following individuals/entities as defendants: Warden M. Bowden, Assistant Warden Nadal, Geo. Corp, RN Daniels, RN Darag, Dr. Le Young, and Timothy M. Lockwood (Chief Regulation and Policy Management Branch, California Department of Corrections and Rehabilitation).

## III. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Legal Standards

Section 1983 provides a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." Harper v. City of L.A., 533 F.3d 1010, 1026 (9th Cir. 2008) (internal citations omitted). Proximate cause requires "'some direct relation between the injury

asserted and the injurious conduct alleged.'" Hemi Group, LLC v. City of New York, 559 U.S. 1, 130 (2010) (quoting Holmes v. Secs. Investor Prot. Corp., 503 U.S. 258, 268 (1992)).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 974 F.2d at 1059–60 (citing Wood v. Housewright, 900 F.2d 1332, 1337–41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200–01 (9th Cir. 1989)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to

establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

### A. Application to Plaintiff's First Amended Complaint

Plaintiff's allegations that he did not receive prompt treatment for his right foot injury and that the medical staff was negligent do not state a constitutional claim under these standards. Here, Plaintiff alleges only that he hurt his right foot, he requested medical treatment, and he did not receive medical treatment. Thus, there are no facts alleging suggesting that the medical staff refused to treat severe pain from the right foot injury despite awareness of Plaintiff's serious medical need. At most, Plaintiff states a claim for medical malpractice, which is not a constitutional claim subject to this Court's jurisdiction. If Plaintiff elects to file an amended complaint, he will need to provide more detail concerning the severity and nature of the right foot injury and any treatment or diagnoses he did ultimately receive.

Finally, Plaintiff's allegations against Geo Corp and Timothy Lockwood fail to state a claim because section 1983 generally does not provide a cause of action against supervisors. In order to hold someone liable as a supervisor, Plaintiff must allege facts as to each Defendant indicating that they knew of and disregarded an objectively serious risk to Plaintiff's health, resulting in injury to Plaintiff. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 625 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

### IV. CONCLUSION

The Court finds that Plaintiff's Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. The Court will dismiss this complaint and give

Plaintiff one, final opportunity to amend to file an amended complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676. Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights by acting with deliberate indifference to Plaintiff's health or safety, which is sufficiently serious. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff may file a Second Amended Complaint curing the deficiencies

identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:15-cv-00913-EPG; and

4. If Plaintiff fails to file an amended complaint within 30 days, the Court will dismiss Plaintiff's case for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated:   **December 16, 2016**            /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE