UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAY MILLS,<br><br>            Plaintiff,<br><br>    v.<br><br>M. BOWDEN, et al,<br><br>            Defendants. | 1:15-cv-00913-EPG-PC<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT<br><br>(ECF No. 14.)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

Plaintiff David Ray Mills ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that he did not receive prompt medical attention for his right foot injury, and generally that the prison is in need of better medical protocols.

Plaintiff filed the Complaint commencing this action on June 17, 2015.  (ECF No. 1.)  On September 28, 2016, the Court Plaintiff's Complaint and found that it failed to state a claim as to any defendant. (ECF No. 10.)  Specifically, the Court found that Plaintiff's allegations that he did not receive prompt treatment for his ingrown toe and that his doctor was negligent did not state an Eighth Amendment constitutional claim for deliberate indifference for serious medical needs because Plaintiff did not allege the delay itself resulted in a serious medical injury. Furthermore, Plaintiff did not allege that any defendant was aware of his serious

1

medical condition and intentionally ignored the risk to his health. Finally, Plaintiff did not allege how any individual or individuals harmed him personally. Plaintiff was provided with the applicable legal standards and granted leave to file an amended complaint. (ECF No. 10.)

Plaintiff filed a First Amended Complaint ("1AC") on October 31, 2016 (ECF No. 12). The Court dismissed Plaintiff's amended complaint with further guidance and leave to amend on December 16, 2016. (ECF No. 13)

Before the Court is Plaintiff's Second Amended Complaint, dated January 19, 2017. (ECF No. 14) Because the Court finds that Plaintiff's Second Amended Complaint fails to state a claim under the legal standards, and because further amendment would be futile, the Court dismisses Plaintiff's Second Amended Complaint and closes the case.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'"  Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## II. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff alleges that his right foot top side was injured during performing work duties at 7:30 am on January 1, 2014.  Plaintiff alleges that the medical staff neglected him and treated him with indifference.  Staff did not care about this incident and were not prepared to handle simple operations due to staff under training.  As a result, Plaintiff suffered severe pain.  The staff should be reprimanded for their actions.

Specifically, Plaintiff had a left foot ingrown toenail.  He was supposed to receive an x-ray on January 29, 2014.  Plaintiff finally went to Delano State Prison for an x-ray, but the technical stated that it could not x-ray an open would.  After delay and additional forms, Plaintiff's left big toenail was removed.  However, he failed to receive appropriate medical attention for his right toenail and was in unbearable pain as a result.

Plaintiff also alleged that he required medical care on another occasion on March 10, 2015.  In this incident as well, medical staff was not prepared for inmate capacity.  RN Daniels did not care about proper procedures.  Dr. Le Young was overwhelmed and part time at the facility.

## III. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Legal Standards

Section 1983 provides a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983.  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to

perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." Harper v. City of L.A., 533 F.3d 1010, 1026 (9th Cir. 2008) (internal citations omitted). Proximate cause requires "'some direct relation between the injury asserted and the injurious conduct alleged.'" Hemi Group, LLC v. City of New York, 559 U.S. 1, 130 (2010) (quoting Holmes v. Secs. Investor Prot. Corp., 503 U.S. 258, 268 (1992)).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 974 F.2d at 1059–60 (citing Wood v. Housewright, 900 F.2d 1332, 1337–41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200–01 (9th Cir. 1989)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."

Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

### A. Application to Plaintiff's First Amended Complaint

Plaintiff's allegations that he did not receive prompt treatment for his right foot injury and that the medical staff was negligent do not state a constitutional claim under these standards. Plaintiff does not allege facts indicating that the medical staff refused to treat severe pain from the right foot injury despite awareness of Plaintiff's serious medical need. At most, Plaintiff states a claim for medical malpractice, which is not a constitutional claim subject to this Court's jurisdiction.

### IV. CONCLUSION

The Court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. The Court has already screened Plaintiff's initial complaint and First Amended Complaint with substantially similar allegations and found that they failed to state a claim, and has provided Plaintiff guidance on the relevant law to assist his amendment. The Court also finds that the deficiencies outlined above are not capable of being cured by further amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983;

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: **March 9, 2017**              /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE